**LEKA VAOTU`UA, FA`AGASE V. SIOTA and ILAOA AUMAVAE, Plaintiffs,**

**v.**

**MIKAELE LETA ULILOA POLOA, Defendant.**

High Court of American Samoa
Land and Titles Division

LT No. 05-95

August 3, 2000

Before WARD,[*] Acting Associate Justice, TUAOLO, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiffs, Afoa L.S. Lutu
       For Defendant, Katopau T. Ainu'u

## OPINION AND ORDER

This matter came on regularly before the Court on August 2, 2000 for a pretrial conference pursuant to Rule 6 of the Land and Titles Rules.
At the pretrial conference, the Court raised, *sua sponte*, the issue of jurisdiction based upon allegations in the Answer to the Petition of Objection to Registration of Land, filed by the defendant on June 14, 2000. That Answer states:

(1) defendant is a member of the "Faiivae communal family of Leone";

(2) the "Faiivae communal family is the owner of the land 'Puna' in the village of Leone"; and

(3) defendant has the "consent" of the current senior matai to register "Puna" as defendant's individually owned land.

Defendant supports this Claim by documents filed with the Territorial Registrar's Office including, but not limited to:

(1) a land survey of the land "Puna" requested by defendant and conducted in September 1993; and

(2) copies of notices of such surveys.

## Discussion

Under the land survey statute, A.S.C.A. § 37.01.02(d), "[o]nly the senior matai of a Samoan family has the authority to request a survey of

---

[*] Honorable John L. Ward II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

communal property of that family." Defendant's survey, initiated and conducted on his own behalf and offered to substantiate registration of what defendant describes as communal land, does not comply with the statute.

■ Further, as alleged by defendant, his registration of a portion of the communal lands of the Faiivae family, upon the oral permission of the senor matai of that family, ignores the statutory prohibitions against a matai alienating communal lands, or any part thereof, without the written approval of the Governor. A.S.C.A. § 37.0204(a). Also, under A.S.C.A. § 37.0203, all such instruments are required to be filed with the Secretary of the Land Commission for study and recommendations thereon by the Commission, prior to the Governor's signature.

■ The present status of this dispute leaves this Court with no legal document describing the real property in dispute, no written conveyance by the senior matai to the defendant previously filed with the land commission and approved by the Governor and no other documents, pleadings, affidavits, or other papers on file with the Court indicating any justiciable case or controversy. Until all the statutory procedures have been duly followed by the defendant, this Court lacks jurisdiction to proceed. This case must, therefore, be dismissed without prejudice and the copy of the file duly transferred to the Secretary of the Land Commission/Territorial Registrar of American Samoa for any further proceedings consistent with law and procedure.

## Order

LT No. 05-95 is dismissed without prejudice due to lack of jurisdiction over the subject matter. A copy of the file and this Order shall be transferred forthwith by the Clerk of Courts to the Territorial Registrar of American Samoa.

It is so ordered.